43 N.J. Super. 206 (1957)
128 A.2d 505
BRONISLAW DRENKOWSKI AND ANNA DRENKOWSKI, HIS WIFE, PLAINTIFFS,
v.
LOUIS GOODMAN & JOSEPH C. COOK, T/A ADVANCE CONSTRUCTION COMPANY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided January 9, 1957.
Mr. George W. Wolin, attorney for plaintiffs.
Mr. Charles B. Thatcher, Jr., attorney for defendants.
SULLIVAN, J.S.C.
I have considerable difficulty with this case because, while I have concluded that the retaining *207 wall in question was erected on the plaintiffs' property without their knowledge or consent, I do not see how I can now order the defendants to remove the wall or relocate without causing considerable damage to the rights and property of innocent persons who are not even parties to this suit.
The facts are simple. The defendants are developers and builders of homes and they purchased a parcel of land in Union Township, Union County, New Jersey, and eventually erected thereon a number of homes. The tract had a considerable slope to it and in order to plot out and utilize the land for building lots it was necessary to, more or less, level off the lower part of the tract along Kawameeh Drive and also level off the higher part of the same tract. The effect, of course, was to divide the tract into a lower level and a higher level for building purposes. It is the retaining wall that separates these two levels that is the subject of this suit.
The plaintiffs saw the property while in process of development and construction. They liked a certain house on the lower level and bought it immediately, closed title and moved in, although not all of the outside work such as grading, driveway, sidewalk and the like had been completed. As a matter of fact, the closing papers earmark $500 of the purchase price as an escrow fund to insure completion by defendants of these items. This fund is the subject of a counterclaim by defendants, and I have determined that all of the work called for by the escrow agreement has been completed in a good and workmanlike manner and that defendants are entitled to have the $500 paid to them.
When plaintiffs moved in, the retaining wall across the rear of their property had not yet been constructed. Plaintiffs saw the wall going up about a month later and inquired of the defendants as to its location but got no satisfaction. It was not until some time later that plaintiffs had a survey made and learned for the first time that the wall, which is a foot thick, encroached on the plaintiffs' property to the extent of some 26 inches. I am satisfied that plaintiffs never knew of or consented to this encroachment, but I am also satisfied that the defendants in putting the wall up *208 unintentionally located it on plaintiffs' lot. The wall, by the way, is not just across the rear of plaintiffs' property but is about 150 feet in length and extends across the rear of lots fronting on Kawameeh Drive. Plaintiffs want the wall, or that part of it which crosses the rear of their property, removed, and ordinarily they would be entitled to the relief sought. To do so, however, would create havoc. The rear of plaintiffs' lot slopes upward rather sharply to the extent of about four feet, and on top of the slope is the wall which is over five feet in height and which retains and holds the land and earth comprising the upper level. Directly in the rear of plaintiffs' lot and on the upper level is a new home and garage occupied by persons who are not parties to this suit. If the wall in the rear of plaintiffs' lot is taken down, the evidence indicates, and it is obvious from a personal inspection, that the upper level lot would collapse and slide into the plaintiffs' backyard. It is impossible to say how much damage would result to the upper lot except that manifestly it would be substantial and could even affect the house itself.
To the suggestion that the wall be moved back off the plaintiffs' property, defendants point out that this would entail putting it on the property of the upper level lot owner who is not a party to this suit. Further than that. defendants also say that the wall is supported by tie rods with concrete anchors that run back into the bank which the wall retains. To move the wall, say the defendants, would require digging trenches many feet long on the upland owner's property in order to set the supporting tie rods. How this annoyance, inconvenience and damage can be inflicted on the upland owner even if he were joined in the suit is not explained.
In view of the above, I cannot order the wall removed or relocated even though plaintiffs have suffered a clear injury. Innocent persons would otherwise suffer.
In my discretion, and in view of the equities mentioned, I decline to issue a mandatory injunction for the removal or relocation of the wall. Instead, I will award the plaintiffs *209 damages of $875, which is 5% of the purchase price. I am aware that plaintiffs' property now will have a 26-inch encroachment at the rear thereof. However, the area involved is not used by plaintiffs except for a flower garden. I am satisfied that plaintiffs' title will not be rendered unmarketable in view of the type of property involved and the character of the encroachment.